**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

HENRY REPAY,　　　　　　　　　　　)
on behalf of plaintiff and a class,　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff,　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　vs.　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
BANK OF AMERICA, N.A.,　　　　　　)
and FIA CARD SERVICES, N.A.,　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　Defendants.　　　　　　　)

## COMPLAINT – CLASS ACTION

1.　　Plaintiff brings this action to secure redress for violations of the Electronic Funds Transfer Act by defendants.

## JURISDICTION AND VENUE

2.　　This Court has jurisdiction under the Electronic Funds Transfer Act, 15 U.S.C. §1693m ("EFTA"), 28 U.S.C. §1331 (general federal question), and 28 U.S.C. §1337 (interstate commerce).

3.　　Venue in this District is proper because a material part of the events at issue occurred here.

## PARTIES

4.　　Plaintiff is an individual who resides in Belvidere, Illinois.

5.　　Defendant Bank of America, N.A., is a federally-chartered corporation with its principal office at 100 North Tryon St., Charlotte, NC 28202, and numerous locations in Illinois, including 135 South La Salle Street, Chicago, IL 60603. It is a major issuer and servicer of credit cards.

6. Defendant FIA Card Services, N.A., is a federally-chartered corporation with its principal office at 1100 North King Street, Wilmington, DE 19801. It is a major issuer and servicer of credit cards.

## FACTS

7. Plaintiff had two credit cards issued by Bank of America, N.A. or its subsidiary FIA Card Services, N.A., one with an account number ending 7026 and one with an account number ending in 7556.

8. Plaintiff fell behind and entered into payment arrangements with defendants to repay the accounts.

9. Some of the correspondence and communications relating to the payment arrangements was with Bank of America, N.A., some with FIA Card Services, N.A., and some with their collection attorney Frederick J. Hanna & Associates, P.C.

10. The payment arrangements contemplated recurring electronic debits to a bank account.

11. In the case of the 7026 account, defendants made recurring debits between October 2011 and March 2012, and again in August 2012 and September 2012.

12. In the case of the 7556 account, recurring debits were made from October 2011 through March 2012, at which time the account was settled.

13. None of the debit arrangements were in writing or signed.

14. As a result, the exact terms were uncertain and indefinite.

## COUNT I – ELECTRONIC FUNDS TRANSFER ACT

15. Plaintiff incorporates paragraphs 1-14.

16. The authorization to debit plaintiff's account is an electronic funds transfer under

15 U.S.C. §1693a(6), which defines electronic funds transfer as "any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, or computer or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. . . ."

17. The authorization to debit plaintiff's account is also a "preauthorized electronic fund transfer" under 15 U.S.C. §1693a(9), which defines preauthorized electronic funds transfer as "an electronic fund transfer authorized in advance to recur at substantially regular intervals."

18. Under 15 U.S.C. §1693e, a preauthorized electronic fund transfer can only be authorized in writing and, if not in exactly the same amount each time, must be preceded by written notice to the consumer:

> **§ 1693e. Preauthorized transfers**
>
> **(a) A preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made. A consumer may stop payment of a preauthorized electronic fund transfer by notifying the financial institution orally or in writing at any time up to three business days preceding the scheduled date of such transfer. The financial institution may require written confirmation to be provided to it within fourteen days of an oral notification if, when the oral notification is made, the consumer is advised of such requirement and the address to which such confirmation should be sent.**
>
> **(b) In the case of preauthorized transfers from a consumer's account to the same person which may vary in amount, the financial institution or designated payee shall, prior to each transfer, provide reasonable advance notice to the consumer, in accordance with regulations of the Board, of the amount to be transferred and the scheduled date of the transfer.**

19. Defendants debited plaintiff's account without written authorization.

20. Defendants thereby violated the EFTA.

21. 15 U.S.C. §1693m provides:

> **§ 1693m. Civil liability**

**(a) Individual or class action for damages; amount of award.** Except as otherwise provided by this section and section 910 [*15 USCS § 1693h*], any person who fails to comply with any provision of this *title [15 USCS §§ 1693 et seq.]* with respect to any consumer, except for an error resolved in accordance with section 908 [*15 USCS § 1693f*], is liable to such consumer in an amount equal to the sum of–

   **(1)** any actual damage sustained by such consumer as a result of such failure;

   **(2) (A)** in the case of an individual action, an amount not less than $ 100 nor greater than $ 1,000; or

      **(B)** in the case of a class action, such amount as the court may allow, except that (i) as to each member of the class no minimum recovery shall be applicable, and (ii) the total recovery under this subparagraph in any class action or series of class actions arising out of the same failure to comply by the same person shall not be more than the lesser of $ 500,000 or 1 per centum of the net worth of the defendant; and

   **(3)** in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

**(b) Factors determining amount of award.** In determining the amount of liability in any action under subsection (a), the court shall consider, among other relevant factors–

   **(1)** in any individual action under subsection (a)(2)(A), the frequency and persistence of noncompliance, the nature of such noncompliance, and the extent to which the noncompliance was intentional; or

   **(2)** in any class action under subsection (a)(2)(B), the frequency and persistence of noncompliance, the nature of such noncompliance, the resources of the defendant, the number of persons adversely affected, and the extent to which the noncompliance was intentional. . . .

**(g) Jurisdiction of courts; time for maintenance of action.** Without regard to the amount in controversy, any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation.

**CLASS ALLEGATIONS**

22. Plaintiff brings this action on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

23. The class consists of (a) all individuals (b) whose bank accounts were debited by defendants using means other than a check, (c) pursuant to a settlement or repayment plan contemplating more than 3 debits (d) without a signed authorization (d) where any debit occurred during a period beginning on a date one year prior to the filing of this action, and ending 20 days after the filing of this action.

24. The class is so numerous that joinder of all members is not practicable. On information and belief, there are at least 40 members of the class.

25. There are questions of law and fact common to the class, which common questions predominate over any questions relating to individual class members. The predominant common questions are:

> (1) Whether defendants have a policy and practice of initiating recurring electronic funds transfers without a signed authorization;
>
> (2) Whether such policy violates the EFTA;
>
> (3) The appropriate measure of damages.

26. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

27. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and consumer credit litigation.

28. A class action is superior for the fair and efficient adjudication of this

matter, in that:

    (1)    Individual actions are not economically feasible;

    (2)    Members of the class are likely to be unaware of their rights;

    (3)    Congress intended class actions to be the principal enforcement mechanism under the EFTA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendants for:

    (a)    Statutory damages;

    (b)    Attorney's fees, litigation expenses and costs of suit;

    (c)    Such other and further relief as the Court deems proper.

/s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Greene
EDELMAN, COMBS, LATTURNER & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603-3593
(312) 739-4200
(312) 419-0379 (FAX) (may use for service of pleadings)
Email address for service: courtecl@edcombs.com

## **NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.


/s/ Daniel A.Edelman
Daniel A. Edelman