UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HENRY REPAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 12 CV 10228 |
| | ) | |
| BANK OF AMERICA, N.A., ET AL., | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on two motions to dismiss [43 and 46], filed by Defendants Bank of American, N.A., FIA Card Services, N.A., and Frederick J. Hanna & Associates, P.C. For the reasons set forth below, the Court grants Defendants' motions [43 and 46]. The Court also grants Plaintiff's motion for leave to file a surreply [52]. Defendants' unopposed motion to stay discovery [57] is denied as moot.

I.      **Background**

A.      **Procedural History**

On December 21, 2012, Plaintiff Henry Repay filed a one-count complaint against Defendants Bank of America, N.A. ("BOA"), and FIA Card Services, N.A. ("FIA"), alleging a violation of the Electronic Funds Transfer Act ("EFTA"). Defendants BOA and FIA moved to dismiss the initial complaint, and Plaintiff responded by seeking leave to amend. The Court granted the request, and in March 2013, Plaintiff filed his amended complaint, adding the law firm Frederick J. Hanna & Associates, P.C. ("Hanna") as well as additional allegations regarding debits that Hanna purportedly caused to be charged to Plaintiff's checking account. All Defendants have moved to dismiss the amended complaint on statute of limitations grounds, and

Defendants BOA and FIA also contend that the amended complaint should be dismissed because it fails to state a claim against BOA or FIA.

### B. Plaintiff's Allegations

BOA and FIA, both subsidiaries of Bank of America Corporation, are major issuers and servicers of credit cards. FIA services many or all credit cards issued by BOA. BOA issued two credit cards to Repay, and he fell behind in his payments on both accounts. According to the amended complaint, BOA or FIA (or both) retained Defendant Hanna, a law firm, to collect on the accounts. In connection with its collection efforts, Hanna sent letters to Repay naming FIA as the account holder.

Plaintiff negotiated a payment arrangement with Hanna to repay the accounts. Under the arrangement, payments were to be made through recurring debits by Hanna to a checking account at Blackhawk Bank. Plaintiff alleges that for the first credit card account, the debits began in October 2011, continued through March 2012, and then occurred again in August and September 2012. For the second credit card account, the debits began in October 2011 and continued until March 2012, at which time the account was paid in full pursuant to the settlement arrangement. After paying off the second account, Repay received a letter from BOA stating that it was paid off. Although the complaint alleges that the payment arrangements contemplated that Hanna would initiate the recurring debits, it does not specify which entity—BOA, FIA, or Hanna—actually made the debits. Plaintiff alleges that that he did not provide any written authorization for these debits.

## II. Legal Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. See *Gibson v. City of Chicago*, 910 F.2d

1510, 1520 (7th Cir. 1990). To survive a 12(b)(6) motion to dismiss, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief" (Fed.R.Civ.P.8(a)(2)), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Twombly*, 550 U.S. at 563. The Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. See *Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005).

The Seventh Circuit has been clear in its assessment of the limitations periods: "[O]n the subject of the statute of limitations * * * * [w]hat a complaint must plead is enough to show that the claim for relief is plausible. Complaints need not anticipate defenses and attempt to defeat them. The period of limitations is an affirmative defense * * * * We have held many times that, because complaints need not anticipate defenses, Rule 12(b)(6) is not designed for motions under Rule 8(c)(1)." *Richards v. Mitcheff,* 696 F.3d 635, 637–38 (7th Cir.2012) (internal citations omitted); see also *United States Gypsum Co. v. Indiana Gas Co.,* 350 F.3d 623 (7th Cir.2003); *United States v. Northern Trust Co.,* 372 F.3d 886 (7th Cir. 2004); *Xechem, Inc. v. Bristol—Myers Squibb Co.,* 372 F.3d 899 (7th Cir. 2004). In *Mitcheff,* the court concluded by reminding judges to "respect the norm that complaints need not anticipate or meet potential affirmative defenses."

Despite these admonitions, the Seventh Circuit also has consistently reaffirmed that a plaintiff may plead himself out of court by alleging facts that are sufficient to establish a statuteof-limitations defense. *See Cancer Found., Inc. v. Cerberus Capital Mgmt., LP,* 559 F.3d 671, 675 (7th Cir. 2009) (dismissal is appropriate where it is "clear from the face of the amended complaint that it [was] hopelessly time-barred"); *Andonissamy v. Hewlett–Packard Co.,* 547 F.3d 841, 847 (7th Cir.2008) (stating that "[a] statute of limitations defense, while not normally part of a motion under Rule 12(b)(6), is appropriate where the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations") (internal quotations omitted); *U.S. Gypsum Co. v. Ind. Gas Co., Inc.,* 350 F.2d 623, 626 (7th Cir.2003) ("A litigant may plead itself out of court by alleging (and thus admitting) the ingredients of a defense"); *Xechem, Inc. v. Bristol–Myers Squibb Co.,* 372 F.3d 899, 901 (7th Cir.2004) ("Only when the plaintiff pleads itself out of court—that is, admits all the ingredients of an impenetrable defense—may a complaint that otherwise states a claim be dismissed under Rule 12(b)(6)."); see also *Baldwin v. Metro. Water Reclamation Dist. Of Greater Chicago,* 2012 WL 5278614, at * 1 ("A plaintiff whose allegations show that there is an airtight defense has pleaded himself out of court, and the judge may dismiss the suit on the pleadings * * *.") (quoting *Mitcheff,* 696 F.3d at 637). In the present case, Plaintiff has pled all of the necessary facts to resolve this issue. Where a plaintiff has pled facts which arguably establish an affirmative defense and both sides have briefed the issue, practical considerations—such as discovery costs, attorneys' fees, and judicial efficiency—provide courts with ample reasons to resolve a dispositive point of law early in a case, whether the parties have briefed the question as a 12(b)(6) or a 12(c) issue. In either case, a court's decision rests on the pleadings and whether a plaintiff has affirmatively pled himself out

4

of court.

## III.    Analysis

Plaintiff contends that all Defendants violated § 1693e(a) of the Electronic Funds Transfer Act ("EFTA"), which provides that "[a] preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made."  15 U.S.C. § 1693e(a).  The EFTA defines "preauthorized electronic fund transfer" as "an electronic fund transfer authorized in advance to recur at substantially regular intervals." 15 U.S.C. § 1693a(9).  Defendants contend that Plaintiff's action is barred under the EFTA's one-year statute of limitations set forth in 15 U.S.C. § 1693m(g), or, alternatively, that the amended complaint should be dismissed because it fails to state a claim against BOA or FIA.  As set forth below, because the Court concludes that Plaintiff's EFTA claim is time-barred, the Court does not reach the alternative ground.

Any action under the EFTA must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1693m(g); see also *Geimer v. Bank of Am., N.A.*, 784 F. Supp. 2d 926, 931 (N.D. Ill. 2011) (noting that EFTA's one-year statute of limitations barred plaintiff's untimely claim).  In the present case, the first alleged EFTA violation occurred in October 2011, when the first debit was made on Plaintiff's checking account.  Plaintiff did not initiate this lawsuit until December 21, 2012, more than a year after the first "violation" giving rise to his EFTA claim.  Plaintiff acknowledges EFTA's one-year limitations period, but contends first that each recurring debit to Plaintiff's account is a new "violation" that restarts the one-year clock on his § 1693(e)a claim. Alternatively, Plaintiff maintains that any violation within the one-year limitations period is actionable and the limitations bar—to the extent one even exists in this instance—forecloses only claims based on violations prior to December 21,

2011. In other words, Plaintiff urges, at a minimum, a ruling that would allow the consumer to commence an action within one year from the date of any violation that may occur, regardless of whether it is the first instance of that violation, but to restrict any damages that might be awarded solely to those injuries which occurred within the year prior to the bringing of suit.

In *Wike v. Vertrue, Inc.*, 566 F.3d 590 (6th Cir. 2009), the Sixth Circuit examined when the statute of limitations should begin to run for a § 1693(e)a claim. The allegations in *Wike* resemble those at issue here—the plaintiff argued that the defendant violated the EFTA by setting up a monthly debit on the plaintiff's account based on oral, but not written, authorization. *Id.* at 591. However, the issue before the Sixth Circuit was framed differently. The defendant argued that the statute of limitations on the EFTA claim began to run on the date that the defendant arranged the recurring transfers, as opposed to the date of the first transfer, as Defendants argue here. The *Wike* court held that "the one-year limitations period began when the first recurring transfer took place." *Id.* at 593. The court reasoned that it is the first transfer that inflicts a monetary injury on the plaintiff and provides notice to the plaintiff of the alleged wrongdoing. *Id.* at 593-94. Thus, the court "pin[ned] the accrual" of a § 1693e(a) claim on "the date of the first transfer." See also *Pelletier v. Pacific Webworks, Inc.*, 2012 43281, at *6 (E.D. Cal. Jan. 9, 2012) (for a claim based on a preauthorized recurring transfer, EFTA's one-year statute of limitations "begins to run when the first recurring transfer takes place.").[1]

---

[1] Additionally, the district court in *Wike* certified a class consisting of all qualifying persons "from whose accounts Defendants initiated the first preauthorized electronic fund transfer at any time during the period of March 14, 2005 [one year before the action was filed] until the appropriate end date." *Wike v. Vertrue, Inc.*, 2010 WL CITATION, at *32 (M.D. Tenn. Sept. 15, 2010). Thus, any otherwise qualifying consumer whose first recurring transfer occurred more than a year before the filing of the complaint was excluded from the class, regardless of the date of any subsequent transfers. In contrast, Plaintiff here defines the putative class to encompass all qualifying individuals with an account from which "any debit occurred during a period beginning on a date one year prior to the filing of this action." The reference to "any debit" instead of the first debit illustrates the difference.

Rather than follow the guidance provided by *Wike* in the context of an EFTA case, Plaintiff asserts that the Court must choose between one of two approaches that the Seventh Circuit takes when "a defendant has engaged in a series of wrongful acts, some within the limitations period * * * and some before," and thus treat Plaintiff's 1693e(a) claim as encompassing either a "continuing violation" or a series of "repeated events giv[ing] rise to discrete injuries." *Heard v. Sheahan*, 25 F. 3d 316, 319-20 (7th Cir. 2001) (holding that when a defendant has engaged in a "continuing violation," a plaintiff "can reach back to [the] beginning [of the wrongful conduct] even if that beginning lies outside the statutory limitations period, when it would be unreasonable to require or even permit him to sue separately over every incident of the defendant's unlawful conduct"); see also *Taylor v. Meirick*, 712 F.2d 1112, 1118-1119 (7th Cir. 1983) (because defendant had engaged in a continuing violation, plaintiff could recover damages for unlawful acts which occurred prior to three year limitations period); *Dasgupta v. Univ. of Wisc. Bd. of Regents*, 121 F.3d 1138, 1140 (7th Cir. 1997) ("Any illegal act that takes place in the limitations period is actionable; the limitations bar falls only on earlier acts."); *CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 992-94 (7th Cir. 2002) (holding that each unlawful act during the limitations period was actionable, but it was a fact question whether the plaintiff could have discovered defendants' unlawful acts prior to the limitations period). Notably, none of the cases cited by Plaintiff is an EFTA case.

Plaintiff's construction may make sense for some types of EFTA claims. However, the allegations in this action (and *Wike*) are distinguishable from those cases where the plaintiff alleges, for instance, that the defendant initiated a different transfer not authorized by the parties' original agreement. See *O'Brien v. Landers*, 2011 WL 221865 (N.D. Ill. Jan. 24, 2011). In *O'Brien*, months after the plaintiff entered into an agreement with the defendant for monthly

recurring debits for gym membership dues, the gym initiated an additional $35 transfer on top of the regular monthly dues. *Id.* at *2. As another court in this district previously explained, the *O'Brien* plaintiff sued the defendant for "abusing an existing preauthorization by debiting charges that fell outside the scope of its agreement with the consumer." *Sharkey v. NAC Marketing Co.*, 2012 WL 5967409, at *4 (N.D. Ill. Nov. 28, 2012). The *O'Brien* court held the limitations period ran from the date of the improper $35 charge, and for good reason: the plaintiff had no notice of this additional charge until it was made. See *O'Brien*, 2011 WL 221865 at *2.

Here, Plaintiff admits that he entered into payment arrangements with Hanna that contemplated recurring electronic debits to Plaintiff's checking account. He does not contend that he did not agree to the transfers or that Defendants initiated a different transfer not authorized by the parties' original agreement. If Plaintiff had alleged that Defendants initiated an electronic transfer that he did not agree to, then he presumably would have one year from the date of that transfer to bring his EFTA claim. See *O'Brien v. Landers*, 2011 WL 221865 at *2. But Plaintiff's alleged grievance is much narrower—he alleges that the series of transfers he agreed to were initiated without written authorization. In other words, Plaintiff's claim is based solely on the alleged failure to obtain and provide written authorization. As the Sixth Circuit noted in *Wike*, when a payee sets up recurring charges without obtaining written consent from the consumer, "[i]t is only when the first transfer occurs that the consumer will find out what happened, and it thus is only then that the consumer will have any reason to vindicate her EFTA rights." 566 F.3d at 593-94. Here, Plaintiff does not allege that any debit was outside the scope of the payment arrangements to which he and Hanna agreed; rather, he alleges only that Defendants did not obtain written authorization to initiate the debits that he previously had orally

8

agreed to pay. As in *Wike*, Plaintiff had all the notice necessary to assert his claim for lack of written authorization on the date of the first of these regularly recurring transfers.

Plaintiff contends that he has alleged a series of discrete acts that violated EFTA. But the EFTA does not require that the payee obtain a separate written authorization for each transfer. Instead, the payee must obtain a single written authorization for the entire series of transfers. Thus, once the series of transfers is initiated by the first transfer, the violation occurs and Plaintiff is harmed. Put another way, rather than alleging a series of wrongful acts, Plaintiff has alleged a wrongful omission: failing to obtain written authorization for the series of transfers that were agreed upon and to provide a copy to the consumer. See *Clark v. City of Braidwood*, 318 F.3d 764, 766 (7th Cir. 2003) ("[T]he continuing violation doctrine does not save an otherwise untimely suit when a single event gives rise to continuing injuries."). If the EFTA required a written authorization for each transfer, then Plaintiff's argument would make more sense and any transfers occurring between December 2011 and December 2012 likely would be actionable.[2] But that is not the statutory scheme.

In sum, the Court concludes, as the Sixth Circuit did in *Wike*, that "the statute of limitations begins to run 'when the plaintiff has a complete and present cause of action' and thus 'can file suit and obtain relief.'" *Wike*, 566 F.3d at 593-94 ("Better in our view to pin the accrual on an identifiable date when the plaintiff has been injured and an EFTA duty necessarily has been violated—the date of the first transfer."); *id.* at 596 ("[B]ecause the bank made the first recurring transfer from Wike's account less than a year before this lawsuit, she timely filed her EFTA claim."). Because Plaintiff had a complete and present cause of action in October 2011

---

[2] Although Plaintiff briefly asserts a "continuing violation" theory, he eventually seems to concede in his briefing that the alleged transfers initiated by Hanna in October and November 2011 simply cannot support an EFTA claim, as they would fall outside the one-year window even if the statute required written authorization for each transfer.

(at the time of the first transfer), the statute of limitations on this claim expired one year later in October 2012 and Plaintiff's EFTA claim, filed in December 2012, is time-barred.

## IV.     Conclusion

For these reasons, the Court grants Defendants' motions [43 and 46]. The dismissal is with prejudice. Plaintiff has not requested another chance to replead (see *James Cape & Sons Co. v. PCC Constr. Co.*, 453 F.3d 396, 400–01 (7th Cir. 2006) (rejecting the plaintiff's argument that the district court erred in dismissing its complaint with prejudice, rather than without prejudice and with leave to amend, where the plaintiff did not request leave to amend) and in fact has already been given leave to replead once. See also *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997) ("Even though Rule 15(a) provides that 'leave shall be freely given when justice so requires,' a district court may deny leave to amend for * * * futility. The opportunity to amend a complaint is futile if the complaint, as amended, would fail to state a claim upon which relief could be granted.") (citation and some internal quotation marks omitted). The Court also grants Plaintiff's motion for leave to file a surreply [52]. Defendants' unopposed motion to stay discovery [57] is denied as moot.

Dated: November 27, 2013                    _____
                                            Robert M. Dow, Jr.
                                            United States District Judge